UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TONYA L. MURPHY,            )
                            )
       Plaintiff            )
                            )
v.                          )         No. 2:11-cv-241-NT
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
       Defendant            )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge improperly evaluated her credibility and assigned her a residual functional capacity ("RFC") that was not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative changes of the lumbar spine and an affective disorder, impairments that were severe but, considered separately or in combination, did not meet or medically equal the criteria of any

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. The plaintiff's primary, out-of-state counsel misread the applicable local rule and also filed a "Motion to Reverse" the decision of the commissioner, which the court has re-docketed as a supplemental filing. Docket No. 18. Oral argument was held before me on March 12, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 15-16; that she had the RFC to perform light work except that she could only occasionally crouch, crawl, climb, stoop, or kneel, must avoid exposure to extremes of temperature and humidity, and could only perform routine and repetitive tasks, Finding 4, *id*. at 17; that she was capable of performing her past relevant work as a press operator, Finding 5, *id*. at 19; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, from the date her application was filed (May 4, 2009) through the date of the decision (January 13, 2011), Finding 6, *id*. at 20. The Decision Review Board selected the decision for review but failed to act within 90 days, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)((2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process. At Step 4, the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20

C.F.R. § 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

### A. Mental RFC

The plaintiff contends that the administrative law judge failed to assess her mental RFC correctly. Plaintiff's Brief in Support of Motion to Set Aside the Decision of the Com[m]issioner ("Itemized Statement") (Docket No. 17-2) at [3]-[5]. Specifically, she asserts that, while the administrative law judge found that she suffered from the severe mental impairment of an affective disorder, she only included a single mental limitation in the RFC that she assigned to the plaintiff, that she was "limited to routine and repetitive tasks." Record at 17. The plaintiff contends that "[t]he symptoms discussed in [her] treatment notes, as well as her testimony provided at the hearing, clearly establish more non-exertional limitations tha[n] those which would be accommodated by work that is only limited to 'routine and repetitive tasks.'" Itemized Statement at [5].

The plaintiff cites entries in her medical records "document[ing] . . . her difficulty managing stress and past events[,]" and stating that she is "always a bit hypervigi[lant], on edge, nervous, seeking approval." *Id*.[2] She repeats her testimony that she has to read "paragraphs over and over and over again because I get distracted and I forget what I just read[,]" that she cannot concentrate enough to knit or crochet, and that she gets distracted watching television and talking on the telephone. *Id*. What the plaintiff does not do is explain how this evidence required the administrative law judge to add further mental limitations to her RFC or, more important, what those limitations would necessarily be. An even more fundamental problem

---

[2] In this regard, the plaintiff's citation only to complete sets of medical records rather than providing pinpoint citations, Itemized Statement at [5], is of little help to the court.

3

with her argument is that the plaintiff does not identify the medical evidence, as distinct from her own reports to her medical providers, that establishes whatever specific, work-related mental limitations she claims should have been included in her RFC.

An affective disorder is a mood disorder. It is "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." Listing 12.04. From the plaintiff's presentation, it is not apparent that the limitations she describes stem from an affective disorder.

It is the plaintiff's burden to supply the medical evidence needed to establish her impairments and the degree to which they limit her functional capacity. *Carlton v. Social Sec. Admin. Com'r*, No. 1:10-cv-00463-GZS, 2011 WL 4433660, at * 5 (D. Me. Sept. 21, 2011). When a plaintiff does not specify how the mental impairment at issue significantly reduced her RFC, in work-related terms, the court cannot determine whether the alleged error would be enough to require remand. *Leeper v. Astrue*, No. 2:10-cv-260-DBH, 2011 WL 2559599, at *2 (D. Me. June 24, 2011).

The plaintiff has not carried her burden and is not entitled to relief on this basis.

### B. Credibility

The plaintiff next argues that the administrative law judge failed to evaluate properly her complaints of pain. Itemized Statement at [6]-[8]. She faults the administrative law judge for "fail[ing] to find that her subjective complaints of pain led to a finding of 'disabled.'" *Id*. at [7]. Complaints of pain, without a medical basis, will never lead to a finding of "disabled" under Social Security law. Social Security Ruling 96-7p ("SSR 96-7p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011-2012), at 133 ("No symptom or combination of

symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."). The plaintiff also contends that the administrative law judge's statements rejecting her statements concerning the intensity and effect of her pain "are conclusory and lack the backing of the medical evidence." *Id*. at [8]. In fact, they are not and do not.

    The administrative law judge said the following about the plaintiff's claims of pain:

> The claimant's complaints were characterized by allegations of being able to sit or stand for only a short time until she gets shooting pain in her back, forgets what she is doing or saying when interrupted and depression (Exhibit 2E). After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> The objective medical evidence of record does not support the claimant's allegations of being totally disabled by reason of her subjective complaints such that she would be incapable of performing a range of light work. An August 2009 consultative physical examination notes objective findings of a normal sitting posture and that the claimant could walk, lie down and get up without any difficulty. There was no evidence of neck or lower or upper back deformity and she had full range of motion of the neck and back. Based on those objective orthopedic findings it was assessed that the claimant had preserved the ability for basic work related activities such as sitting, standing, walking, lifting, carrying and bending with no significant limitations (Exhibit 5F).
>
> In June 2010 the claimant sought consultation for complaints of right sided low back pain, which she rated 6/10 at rest and 10/10 with activity. The claimant described it as a sharp, shooting, aching pain that had been present for 10 years and was exacerbated by sitting and standing. On examination there was pain to palpation of the lumbar region with functional range of motion limited secondary to pain. However, neurological examination revealed grossly intact motor coordination,

> strength and sensation. Lumbar facet loading showed evidence of pain characteristic of facet joint disease upon lumbar spine extension and rotation. Review of a November 2009 MRI revealed disc degeneration of the L4-5 and L5-S1 discs with a small disc herniation that did not appear to be causing significant pressure on the sac of L5-S1 nerve roots. The claimant was treated conservatively with epidural steroid injection to address her pain and although the claimant reported that it [did] nothing to reduce pain, objective examination revealed non antalgic gait and functional use of the spine.

Record at 17-18.

This discussion complies with the requirement of SSR 96-7p that the administrative law judge "carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements[.]" SSR 96-7p at 133. "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." *Id.* That is what the administrative law judge did in this case. *See, e.g., Trudeau v. Astrue*, Civil No. 07-218-P-H, 2008 WL 4905484, at *6-*7 (D. Me. Nov. 12, 2008).

The fact that there may be some evidence in the record that would support the plaintiff's view of her pain as disabling is not conclusive. It is the role of the administrative law judge to choose which evidence upon which to rely and which to reject. When, as is the case here, the administrative law judge has set forth her reasons for doing so, nothing further is required.

The administrative law judge did not, as the plaintiff alleges, "use" her review of the plaintiff's activities of daily living "to prove the absence of disability." Itemized Statement at [8]. Indeed, the words quoted by the plaintiff at page [8] of her itemized statement citing to page

6

13 of the record do not appear on that page of the record, nor, so far as I can determine, on any other page of the administrative law judge's opinion.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge